IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY STEVEN
LARSON-WHITE,

                    Petitioner,

          v.                          CASE NO.  08-3246-SAC

KAREN S. ROHLING,
et al.,

                    Respondents.

O R D E R

     This action was filed as a Petition for Writ of Habeas Corpus

citing 28 U.S.C. §§ 2241 and 2254, by an inmate of the Larned

Correctional Mental Health Facility, Larned, Kansas (LCMHF).  Having

considered the materials filed, the court finds as follows.


## MOTION TO PROCEED IN FORMA PAUPERIS

     Petitioner's Motion for Leave to Proceed in forma pauperis

(Doc. 2) as supplemented (Doc. 4) shall be granted based upon the

current balance in his inmate account statement[1].


## CONDITIONS CLAIMS DISMISSED WITHOUT PREJUDICE

     The main claims in this Petition are properly raised under 28

U.S.C. § 2254, rather than § 2241.  Petitioner challenges the

legality of his conviction or sentence, not the execution of his

sentence[2].  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir.

---

[1]     Accordingly, petitioner is not required to submit the filing fee in
this habeas case, which is $5.00.   However, this habeas petition improperly
includes claims which must be raised in a separate civil rights complaint.  The
filing fee for a civil rights action is $350.00.

[2]     Petitioner states no grounds for relief under 28 U.S.C. § 2241 in his
Petition.  He exhibits a mandamus petition captioned in the Kansas Court of
Appeals, which he apparently did not file, seeking six months of jail time credit

2000).   In addition, Mr. Larson-White has improperly included unrelated conditions-of-confinement claims in his habeas corpus petition attacking his state conviction[3].   See <u>McIntosh v. United States Parole Commission</u>, 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement); <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in a 42 U.S.C. § 1983 civil rights complaint rather than in a habeas corpus petition).   These entirely different types of claims based as they are on different sets of facts and involving different parties should not be litigated in a single action. Accordingly, the court will dismiss the conditions-of-confinement claims raised herein, without prejudice[4].

Dismissal without prejudice in no way prevents plaintiff from litigating his conditions-of-confinement claims.   On the contrary, it means he is free to challenge the allegedly unconstitutional

---

under a Kansas statute.   Such a claim should have been initially presented to the state sentencing court, and a denial appealed through proper procedures. Petitioner does not show exhaustion, and does not state any factual grounds for federal habeas corpus relief based upon a denial of sentence credit.

[3]   While a hybrid habeas corpus/civil rights action might be appropriate in cases where the two types of claims are related and proof would overlap; it clearly is inappropriate here where petitioner mixes pure 2254 claims with unrelated complaints regarding his conditions of confinement.

[4]   The claims being dismissed include that Mr. Larson-White suffered permanent back and spinal injuries when he was beaten by inmates at the Bourbon County Jail, jail employees failed to protect him from the assault, and he was denied medical treatment; he was forced to live in a tiny cell without a toilet with a mentally ill inmate; he was exposed to a communicable disease and torture; at the LCMHF, he is being forced to work despite his injuries in order to retain privileges and the doctor there refuses to "arrange a work restriction"; and Chaplin McKiearnan has violated his and other inmates' religious freedoms.

conditions of his confinement and seek relief for the alleged violations of his federal constitutional rights by filing a complaint or complaints pursuant to 42 U.S.C. § 1983[5].   These conditions claims must be raised in a separate civil action naming as defendants those individuals who actually caused the alleged conditions[6] and violations.


**IMPROPER SIGNATURE ON PLEADINGS AND MOTIONS**

The court notes that the original Petition and most documents filed herein were written by another inmate, Daniel Parrish, who actually signed some as "co-counsel."  Mr. Parrish may not enter an appearance as counsel in this case as he is not a practicing attorney in good standing.  Mr. Larson-White has not made a showing that he is in need of a "next friend" under Rule 17(c) of the Federal Rules of Civil Procedure.  Mr. Parrish should not sign any other pleadings in this case.


**OTHER MOTIONS AND FILINGS**

The court notes that many of the pleadings, motions, and other documents filed thus far herein are confusing and serve no valid

---

[5]      In the future, if plaintiff files a civil rights complaint under 42 U.S.C. § 1983 in this court, it must be submitted on forms provided by the clerk of the court.  See D.Kan.Rule 9.1(a)(Petitions for writs of habeas corpus . . . and civil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request.").

[6]      Civil rights complaints must be in compliance with the rules governing joinder of claims and parties in the Federal Rules of Civil Procedure.  Those rules, briefly summarized, allow all claims to be filed in one action against a single defendant.  However, in order to add a second or more defendants, all claims against all named defendants must arise from the same transaction or set of transactions.  See Fed.R.Civ.P. Rules 18, 20.

purpose in this action[7].  Instead, as one can tell from the length and content of this Order, most have only delayed this court's consideration of petitioner's habeas corpus claims.

A motion seeking a particular court order should be filed as a separate pleading[8], and each motion must have the caption of the case[9] and the title of the motion at the top of the front page.  The title should suggest what court action is requested in the motion, for example, "Motion for Extension of Time".  In petitioner's case, motions without front-page captions have been improperly imbedded as back pages in his Petition and within other filings.  The clerk has no duty to parse every page of materials submitted in order to determine whether motions have been improperly imbedded therein.  As a result, petitioner's imbedded motions were not filed as motions, and are not recorded as pending motions at this time.  The court has only uncovered these requests upon its initial review of the pleadings.

Improperly attached as pages within the Petition are: Motion for Appointment of Legal Counsel[10], Motion for Federal Rule of

---

[7]     For example, the "Motion for Time Served" and imbedded Motion to Vacate are premature and unnecessary because the relief requested in the Petition is immediate release.  These types of motions are similar to ones previously filed by Mr. Parrish in this court on his own behalf.  Mr. Parrish is a three-strikes litigant, meaning he is restricted from filing his own civil cases without prepayment of fees due to his having filed at least three frivolous actions.  The court warns petitioner that the extensive involvement of Mr. Parrish in this case may hinder rather than further petitioner's cause.  However, the court is not suggesting that petitioner should not be provided the assistance of other inmates, including Mr. Parrish, to the extent rules of the institution allow.

[8]     Each motion must state with particularity the grounds for seeking the order and the relief sought.  Fed.R.Civ.P. Rule 7(b)(1)(B)&(C).

[9]     Rule 10(a), Federal Rules of Civil Procedure.

[10]     This request is denied, without prejudice.  Petitioner is not entitled to assistance of counsel in a federal habeas corpus action.  He is expected by the court to state the facts in support of his claims only, not to recite legal authority.  Mr. Larson-White is not shown to be incapable of stating his claims and the facts in support.  The court repeats for emphasis that any subsequent

Exception, Motion for Oral Argument, Motion for Protection from Retaliation, and Motion to Vacate Sentence.  The court treats these as requests for relief rather than separate motions, since they were not properly submitted and filed as motions, and denies the requests.  The request for "federal rule of exception" is completely frivolous as it includes no grounds or authority for such a request.  Likewise, the request for protection provides no solid facts indicating any need for protection.  Whether or not oral argument is required in this case will be decided by the court at a later stage.  As noted, petitioner's Motion to Vacate is subsumed within his request for habeas corpus relief and is denied as unnecessary and premature.

Most unfortunately, a "motion for sealed file" was also improperly imbedded as page 13 of the Petition.  This request that "this file be a sealed file; not published" comes too late before the court, due to petitioner's failure to follow proper procedure for sealing an entire case.  Since petitioner submitted his Petition to the clerk for filing without a separate proper Motion to Seal, his Petition and case were properly filed, and in effect published, upon receipt.  In any event, petitioner states no factual justification for sealing this entire file.  Accordingly, his ineffective request to seal is denied.  If, in the future, he wishes to seal a particular document, he must follow proper procedures including the submission of a separate "Motion to Seal Document", which describes the document and the reason it should be sealed,

---

motion for counsel or for any other action by this court must be submitted on a separate sheet of paper as a motion with the case caption and title of the motion on the first page.  Any "motions" submitted after this Order that are simply imbedded in some other document or pleading may not be addressed.

before he submits the document itself for filing. He may also redact any sensitive information such as names from a document he submits for filing prior to its submission.

Petitioner has also improperly imbedded motions or requests in filings other than the Petition. These include "Motion for Retrieval and Exhibit" and "Motion for Joinder" (within Doc. 8), "prefile(d)" motion for reconsideration with interlocutory appeal (within Doc. 10), and "Affidavit" (seeking order to allow petitioner to work on his case with Parrish)(last page of Doc. 12). The motion for retrieval requests that the court "retrieve" a civil rights complaint allegedly filed by petitioner in 2004.[11] This case was apparently based upon his alleged assault in the Bourbon County Jail. The request for joinder asks that the instant case be joined with the 2004 case. The court denies these requests because the civil complaint against a jailer for failure to protect or negligence resulting in an assault does not appear to have any relevance to petitioner's § 2254 claims. With regard to petitioner's "pre-filed" motion for reconsideration and for interlocutory appeal, anticipatory motions of this type are not allowed. Thus, this attempt to pre-file is of no effect. Petitioner may file a Motion to Reconsider or a Notice of Appeal only after an order has actually been entered by the court, and generally, that order must have disposed of a claim.

Petitioner has submitted numerous "Affidavits" and an "Exhibit". He is not required to produce affidavits or other

---

[11]     Petitioner alleges that his file-stamped copy of his complaint in this case was confiscated when he was arrested in Montana in July 2004. The records of this court do not show a case filed in 2004 by Steve Larson, Anthony or Tony Larson, Anthony Steve Larson-White, or James White.

evidence in support of his claims at the time he files his Petition. He may be required by the court to produce such evidence at a later stage in the proceedings.   In any event, a document submitted with the title  "Affidavit" should be just that, and not contain motions or additional claims and arguments.

In a couple of his filings, petitioner suggests that he is fearful of retaliation and claims he has been harassed for seeking legal assistance and for filing this action (Doc. 10).   In an imbedded motion on page 14 of his Petition, he seeks a court order for protection from retaliation by "KDOC employees".   However, he has alleged no facts other than a vague claim of threats to confiscate money received from his family, and none showing that particular employees have acted with an improper retaliatory motive. Nor has he identified any actual injury resulting from actions of prison officials with regard to his pursuit of a nonfrivolous legal claim as required by Lewis v. Casey, 518 U.S. 343, 346, 351 (1996) (holding that an inmate alleging the denial of meaningful court access must establish that he was hindered in his efforts to pursue a non-frivolous legal claim).

Petitioner's latest  "Affidavit" (Doc. 13) complains of disciplinary charges lodged against him after he argued with some correctional officers.   These allegations are irrelevant to his state-conviction claims.   If petitioner wants to challenge disciplinary action taken against him he must first utilize the appropriate administrative channels.  Review in federal court, after exhaustion of administrative and state court remedies, would be by an action separate from the instant Petition.

The court will not order that petitioner must be allowed to

spend time in confidential legal consultation with Mr. Parrish.  Mr. Larson-White has no attorney-client privilege with regard to inmate Parrish, as he seems to suggest in his Motion for Contempt (Doc. 10) and in another "affidavit" attached to Doc. 12.  Petitioner has also filed a Motion for DNA Testing (Doc. 8) apparently on a State's exhibit, and alleges that he made the same motion, but it was denied in his criminal case.  This motion is denied as premature and without adequate factual or legal basis.  Petitioner may renew this motion at a later stage in the proceedings, if appropriate.  As noted, petitioner's Motion for Time Served (Doc. 5) is similarly premature as well as unnecessary and is denied without prejudice.

Generally, when a habeas corpus petitioner wants to add claims or legal arguments different from those already in his Petition, he must file an Amended Petition.  If he wants to expand upon the factual allegations and arguments already in his Petition, he must file a Supplement to his Petition.  Mr. Larson-White has improperly filed several additional pleadings or documents containing claims and arguments, which are not designated as either an amendment or a supplement.  Among these are his "Affidavit" (Doc. 6); "Affidavit" imbedded in "Case Law in Support" (Doc. 7)(in which petitioner states he "adds a supplemental complaint" against Chaplin McKiearnan for violating religious freedoms); "Affidavit" (Doc. 11); Motion for Contempt (Doc. 10); and Motion for Protective Intervention (Doc. 12)(in which petitioner seeks a protective order as "next friend" to prevent the possible eviction of two elderly women who are close friends).  As noted, petitioner's religious civil rights claims are not proper grounds in this habeas corpus action.  Thus, even if he had raised them in a proper Motion to Amend, it would be denied.

Obviously, his claims regarding the possible eviction of friends, even if he somehow could show he has standing and this court has jurisdiction, are totally unrelated to his habeas corpus claims, and may not be raised herein.

The court finds that petitioner must be required to file an Amended Petition in this case upon forms provided by the court. His Amended Petition will completely replace his original Petition, and the original Petition will not be considered further. It is therefore imperative that petitioner include in his Amended Petition every federal habeas corpus claim that he has with regard to his state conviction and sentence. He may not simply purport to incorporate or refer to his original Petition. Instead, he must start afresh with his claims, and he may only raise claims in his Amended Petition that are actually challenges to his state criminal conviction or sentence. All habeas corpus claims and arguments he has improperly attempted to add by sticking them in documents that are not supplements or amendments, must be fully presented in the Amended Petition. Any habeas claims, supporting facts, and arguments not included in the Amended Petition will not be considered. The court repeats for emphasis that petitioner may only raise claims in his habeas corpus petition that are challenges to his state conviction and sentence.


**TENTATIVE FACTUAL BACKGROUND OF HABEAS CORPUS CLAIMS**

Petitioner seeks immediate release under 28 U.S.C. § 2254[12].

---

[12] He, or Mr. Parrish, superfluously and incorrectly adds that jurisdiction exists under numerous international covenants; Constitutional amendments; United States Supreme Court cases, and Kansas statutes.

He challenges his conviction in the District Court of Bourbon County, Kansas, which apparently resulted from a pretrial agreement and his entry of a plea. He does not clearly state the procedural history of his state conviction, including dates, offenses involved, and sentences imposed. Since the state criminal case number provided begins with "05", the court assumes the plea proceedings and his conviction occurred in 2005. Petitioner alleges a timely direct appeal was not filed. It further appears that he has not filed a motion for post-conviction relief in the state courts under K.S.A. § 60-1507.

**HABEAS CORPUS CLAIMS**

Petitioner has also failed to separately state his claims with facts in support or describe his efforts to exhaust state court remedies as to each claim. For this and reasons already stated herein, he is required to file an Amended Petition on forms provided by the court, which should help him remedy the foregoing deficiencies.

The court notes that Mr. Larson-White appears to challenge his state conviction on the following grounds: (1) he was illegally compelled by a police chase, although he does not state what it compelled him to do; (2) cocaine evidence was the result of an illegal search; (3) he asked his attorney to take his case to a jury trial but she refused; (4) he was forced to accept a plea bargain he did not want; (5) he was not guilty of possessing, dealing, or manufacturing cocaine; (6) his appointed trial counsel was ineffective in that she refused to file a motion for her own removal

or provide information as to how he could ask for her removal; (7) his trial counsel did not respond to his letters with questions regarding sentence credit; and (8) he was denied the right to directly appeal his state conviction due to his trial counsel's refusal to file an appeal despite his request and the state court's failure to appoint counsel to represent him on appeal. Petitioner is reminded that he must state in his Amended Petition each and every ground on which he claims his state court conviction and sentence are unconstitutional[13].

**FAILURE TO EXHAUST**

It is plainly stated at the beginning of the original Petition, that Mr. Larson-White did not directly appeal and has not filed a state post-conviction motion. 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. This means the claims must have been "properly presented" as federal constitutional issues "to the highest state

---

[13] Generally, a habeas corpus petitioner has only one "shot" to raise all his habeas corpus claims. Subsequent petitions challenging the same conviction or sentence are likely to be dismissed as second or successive.

court, either by direct review of the conviction or in a post-conviction attack[14]." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). If petitioner has not yet exhausted, he must seek post-conviction relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court.

Petitioner apparently seeks to excuse his admitted failure to exhaust state court remedies by claiming his desire to appeal was "obstructed" by his "irresponsible defense attorney," and by stating that he "is so far out of time for a state appeal it is very doubtful the Kansas Court of Appeals would even accept" a state habeas petition from him. Petitioner's allegations that his appointed trial counsel denied his right to appeal by refusing to file a direct appeal at his request amounts to a claim of ineffective assistance of counsel. This claim, and his others, could and should have been presented to the state courts in a proper post-conviction motion beginning in the Bourbon County District Court, not the Kansas Court of Appeals. Until petitioner has made an attempt to properly exhaust the available state court remedies he cannot show they are ineffective. He does not refer to state rules and provide dates clearly establishing that a state petition would be denied as untimely. However, even if he could plainly demonstrate that his state post-conviction motion would now be time-barred, he alleges no facts whatsoever indicating that he should be allowed to proceed in federal court after having failed to exhaust

---

[14]     Alternatively, the habeas applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B).

his state court remedies in a timely fashion.  He has not satisfied the prerequisite to federal court review in such circumstances, of showing cause and prejudice for the procedural default of his claims in state court.   In other words, he has not provided sufficient facts for this court to find that there was cause for his failure to timely file a post-conviction motion in the state district court and appeal any denial to the Kansas appellate courts[15].

Petitioner must allege more facts showing his diligence in pursuing his claims in the state courts for another reason.   The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id.  A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).   If petitioner cannot show that he diligently pursued state court remedies during 2006 and 2007, the year-long statute of limitations was not tolled and may have expired.  Petitioner must provide dates and describe his efforts to seek relief in state court in far more detail than in his original

---

[15]     Since petitioner claims his defense counsel and the state courts prevented him from filing a direct appeal, he should provide a copy of or describe his requests to his counsel and the state courts and the responses he received, and the approximate dates of his requests and any denials.   In addition, he must describe in detail his efforts to exhaust state court remedies under the proper state procedures.

Petition.  Again, putting his claims on the habeas forms provided by this court, which require specific information regarding exhaustion and timeliness, should be of assistance.  If petitioner fails to comply with this Order in the time allotted, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner's Motion for Time Served (Doc. 5), Motion for DNA Testing and for Joinder (Doc. 8), Motion for Contempt (Doc. 10), and Motion for Protective Intervention (Doc. 12) are denied, without prejudice.

**IT IS FURTHER ORDERED** that all petitioner's improperly imbedded motions are treated as requests and are denied without prejudice.

**IT IS FURTHER ORDERED** that petitioner's non-habeas corpus claims regarding conditions of confinement at the Bourbon County Jail and the LCMHF as well as his claims regarding a beating by inmates at the jail are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to file an Amended Petition on forms provided by the court, and to show cause why this action should not be dismissed for failure to exhaust state court remedies, or on account of his procedural default of state court remedies, or because the one-year statute of limitations for filing a federal habeas corpus petition has not been tolled and has expired in this case.

The clerk is directed to transmit to petitioner forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254[16].

**IT IS SO ORDERED.**

Dated this 24th day of November, 2008, at Topeka, Kansas.




                                        s/Sam A. Crow
                                        U. S. Senior District Judge

---

[16]     Petitioner must write Case No. 08-3246 in the caption on his Amended Petition, and his "Amended Petition" is not to be filed as a new case.