## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ANTHONY STEVEN
LARSON-WHITE,

                    Petitioner,

         v.                          CASE NO.   08-3246-SAC

KAREN S. ROHLING,
et al.,

                    Respondents.


## O R D E R

     This matter is before the court upon petitioner's notice of
interlocutory appeal (Doc. 17) and request for certificate of
appealability (Doc. 18).  This action was filed as a petition for
writ of habeas corpus; however, petitioner improperly included
conditions-of-confinement claims, and his Petition and several
other filings contained other defects.  The court entered an Order
dismissing the non-habeas claims, without prejudice, and requiring
petitioner to file an Amended Petition setting forth only his
habeas claims on § 2254 forms provided by the court for reasons
stated in that Order.  Instead of complying with the court's Order
in the time provided, petitioner has filed this interlocutory
appeal.

     Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals has
jurisdiction to hear appeals only from "final decisions" of
district courts.  "In light of this statutory limitation,
interlocutory appeals are the exception and not the rule."  <u>Myers</u>

v. Oklahoma County Bd. of County Com'rs, 80 F.3d 421, 424 (10th

Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 963 (1996)(citing <u>Johnson v. Jones</u>,

515 U.S. 304, 308 (1995)).  The stated bases for petitioner's

interlocutory appeal is his objection to being required to utilize

the court's forms for filing a habeas corpus petition pursuant to

28 U.S.C. 2254[1] and this court's denial, without prejudice, of his

motion for DNA testing.  Neither of these is a final appealable

order, and no such order involving petitioner's § 2254 claims has

been entered in this case.

28 U.S.C. § 1292 provides for appeals from interlocutory

decisions by a federal district court only in very limited

circumstances.  Subsection (b) of § 1292 pertinently provides:

> b) When a district judge, in making in a civil action an
> order not otherwise appealable under this section, shall
> be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in
> writing in such order.  The Court of Appeals which would
> have jurisdiction of an appeal of such action may
> thereupon, in its discretion, permit an appeal to be
> taken from such order, if application is made to it
> within ten days after the entry of the order: Provided,
> however, That application for an appeal hereunder shall
> not stay proceedings in the district court unless the
> district judge or the Court of Appeals or a judge thereof
> shall so order.

<u>Id</u>.  Petitioner does not seek to appeal one of the few actions for

---

[1]    Petitioner's claim that questions on the forms are impossible to answer
because he does not have a trial transcript does not suggest a problem with the
forms.  Petitioner should complete the forms by answering the questions to the
best of his ability.  If he does not know an answer, he may so indicate on the
forms.

which interlocutory appeals are expressly allowed under Section 1292, such as the denial or issuance of an injunction.  See Swint v. Chambers County Com'n, 514 U.S. 35, 45-46 (1995).  Thus, in order for this interlocutory appeal to proceed as to the "otherwise not appealable orders," this court must issue the written certification required by Section 1292.  Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."  State of Utah By and Through Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir.)(citing S.Rep. 2434[2], 1958 U.S.C.C.A.N. at 5262), cert. denied, 513 U.S. 872 (1994).  A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation."  Kennecott, 14 F.3d at 1495.

This court does not believe that an immediate appeal from the court's non-dispositive orders could materially advance the ultimate termination of this litigation.  Moreover, the order entered on November 24, 2008, involving petitioner's habeas claims did not involve a controlling question of law as to which there is

---

[2]

The full cite for this "appendix to Senate report" in Kennecott, 14 F.3d at 1495, is S.Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958)(hereinafter S.Rep. 2434), reprinted in 1958 U.S.C.C.A .N. 5255, 5255; see Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv.L.Rev. 607, 609-11 (1975)(avoidance of wasted trial court time is sole purpose of § 1292(b)).

substantial ground for difference of opinion.  See Fed.R.Civ.P. Rule 54(b); 28 U.S.C. 1292(b).  Having carefully considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal.

For the foregoing reasons, the court also denies petitioner's "Motion for Certificate of Appealability."  The court further finds that this appeal is not taken in good faith.

**IT IS THEREFORE ORDERED** that this court declines to certify petitioner's interlocutory appeal and denies petitioner's Motion for Certificate of Appealability (Doc. 18).

**IT IS FURTHER ORDERED** that plaintiff is not allowed to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated this 31st day of December, 2008, at Topeka, Kansas.




**s/Sam A. Crow**
**U. S. Senior District Judge**