```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

ANTHONY STEVEN
LARSON-WHITE,

            Petitioner,

     v.                        CASE NO.  08-3246-SAC

KAREN S. ROHLING,
et al.,

            Respondents.

O R D E R

This action was filed as a petition for writ of habeas corpus challenging petitioner's state conviction, 28 U.S.C. § 2254. However, the pleadings also improperly contained conditions of confinement claims and erroneously cited 28 U.S.C. § 2241 in addition to § 2254. On November 24, 2008, this court entered an order screening the numerous, very confused filings and claims. Petitioner's conditions claims and a claim regarding an alleged beating at Bourbon County Jail in 2004 were dismissed without prejudice, and Mr. Larson-White was informed that he was free to file separate civil rights complaints to litigate his conditions and civil rights claims. Numerous motions and requests were denied, many of which were improper. Petitioner was given time to file an Amended § 2254 Petition on forms and to show cause why this action should not be dismissed for failure to exhaust state court remedies, or on account of his procedural default of state court remedies, or because the one-year statute of limitations for filing a federal habeas corpus petition has not been tolled and has expired in this case.

Petitioner has filed an Amended Petition (Doc. 26) on forms as required. This pleading entirely supercedes the prior pleadings filed in this case. In his Petition, Mr. Larson-White alleges he pled guilty in the District Court of Bourbon County, Kansas, to two counts of forgery, possession of cocaine, and obstructing legal process; and was sentenced on August 21, 2005, to 56 months in prison. He states that he did not appeal his convictions or sentence. He also states that he has not filed any post-conviction motion in state court challenging either his convictions or sentence. Instead, he has only filed the instant federal Petition.

As grounds for his Petition, Mr. Larson-White claims that he "asked attorney to file an appeal she did not asking for DNA testing." In support, he alleges that he called and wrote to her from prison in 2006 through 2007 asking why he had not heard about an appeal. He further alleges that he did not exhaust state remedies on this claim because he did not know it was required. He also alleges that he "wrote Att. General" and "Legal Services for Prisoners" for help but they refused. This court is asked to order DNA testing to prove his innocence and to dismiss the possession of cocaine conviction.

In response to the question on his form Petition regarding timeliness, Mr. Larson-White repeats that he asked his attorney to file an appeal and she never did. He further states that he was never told about the statute of limitations, he is "illertrate (sic) with the law system," and he needs counsel to assist him with this Petition.

Petitioner has also filed several motions. Doc. 27 contains

no caption or title.  In this document, petitioner states that he does not understand the prior order of the court or the questions in the forms provided by the court, but filled them out as best he could.  He asks how to file a motion for counsel.  This document was docketed as petitioner's Motion to Appoint Counsel (Doc. 27). The court finds that this motion should be denied for the reason that petitioner obviously has not exhausted state court remedies, and this action must be dismissed as a result.

Petitioner has also filed a second Application to Proceed Without Prepayment of Fees (Doc. 28)[1].  This motion is denied as moot since petitioner was previously granted such leave (Doc. 14). Petitioner has also filed another premature "Motion for DNA Testing" (Doc. 29).  The court finds this motion should be denied, because the entire Petition is premature.  Thus, Mr. Larson-White is not entitled to discovery or other relief in this court at this time.  Petitioner has filed another superfluous "Motion for Time Served" (Doc. 30).  This motion shall be denied also because the Petition is premature.  Finally, petitioner has notified the court that he has been released on parole and properly kept the court informed of his changes of address.

The court finds from petitioner's allegations in his Amended Petition that he has not exhausted any remedies in the state courts.  He has never presented his claim or claims to the highest state court either by direct appeal or by state post-conviction motion.  As the court previously noted, petitioner's claim that he

---

[1] It appears this motion was erroneously docketed as Motion for Leave to Appeal in forma pauperis.  It does not mention appeal and no appeal was pending when it was filed.

did not appeal due to ineffective assistance of counsel is a claim that also must be exhausted in the state courts before it may be raised in federal court. Furthermore, if petitioner has procedurally defaulted his claims in state court by not filing a timely appeal or motion under K.S.A § 60-1507, as he suggests, he is not entitled to have them considered in federal court since he has not sufficiently shown either cause or prejudice.

For the foregoing reasons, and for all the reasons stated in the court's Order dated November 24, 2008, the court finds this § 2254 Petition must be dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 27), repetitive Motion for Leave to proceed in forma pauperis (Doc. 28), Motion for DNA Testing (Doc. 29), and Motion for Time Served (Doc. 30) are denied.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for failure to exhaust state remedies.

**IT IS SO ORDERED**.

Dated this 2nd day of June, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge